### TAYLOR v. BUNYARD et al.

No. 13570—Opinion Filed May 12, 1925.

Rehearing Denied Sept. 8, 1925.

**1. Appeal and Error—Review of Evidence in Equity Case.**

This court will weigh the evidence in a case of purely equitable cognizance, but will not reverse the same, unless it be clearly against the weight of the evidence.

**2. Same—Action to Cancel Conveyances of Homestead — Judgment for Defendants not Sustained.**

Record examined; held, to be insufficient to support judgment in favor of the defendant.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Seminole County; John L. Coffman, Judge.

Action by Tom Taylor against W. C. Bunyard, Farmers National Bank of Wewoka, Okla., et al., to cancel certain instruments of conveyance affecting real estate. Judgment for defendants, and plaintiff brings error. Reversed.

John W. Willmott and R. J. Roberts, for plaintiff in error.

Pryor, Stokes & Carver, for defendants in error.

Opinion by STEPHENSON, C. Tom Taylor was a duly enrolled Seminole freedwoman, who was allotted the lands involved in this action. She was married to Galveston Taylor in the year 1916; the couple then occupied the lands as a homestead until the husband was inducted into the army service about September, 1917; the husband deserted from the army service and failed to return to the state; the plaintiff occupied the premises as a homestead until the spring of 1918, when she went to live with some relatives. The plaintiff executed and delivered her real estate mortgage to the Farmers National Bank on February 3, 1919, covering her allotment; she conveyed the lands by her warranty deed on March 12, 1919, to W. C. Bunyard. The plaintiff commenced her action against Galveston Taylor for divorce by filing her sworn petition in the district court of Seminole county on June 11, 1920, wherein she charged that her husband abandoned her for one year prior to the commencement of the action. A decree for divorce from the husband was granted in October, 1920, and recited that the divorce was granted upon the ground of abandonment for one year preceding the commencement of the action. The county court of Seminole county adjudged the plaintiff to be an incompetent on February 5, 1920, and appointed Bud Sandridge as her general guardian, in whose name, as guardian and next friend, she prosecutes this action. The plaintiff commenced this action on February 19, 1920, in the district court of Seminole county against the bank and W. C. Bunyard to cancel the mortgage and deed. Other defendants were joined in the action to cancel certain oil and gas leases executed and delivered prior to May 6, 1919. The plaintiff rests her right to the cancellation of the several instruments upon the grounds:

(1) That she was mentally incompetent to enter into the contracts and execute and deliver the conveyances involved herein.

(2) That the 80 acres of land involved in this action constituted the homestead of this plaintiff and her husband, and that she had not abandoned the same as a homestead prior to the execution and delivery of the instruments herein sought to be canceled.

(3) That the husband did not join her in the execution and delivery of the instruments sought to be canceled, and that the same are thereby null and void, and constitute clouds upon plaintiff's title in the premises.

The trial of this cause resulted in a judgment in favor of the defendants. The plaintiff has appealed the cause and assigns the following errors for reversal here:

(1) That the judgment of the court is contrary to the evidence; (2) that the judgment of the court is contrary to law.

The defendants rely upon the following propositions to support the judgment in their favor:

(1) That the title to the land involved herein was patented to the plaintiff as her allotment, and the title was in her at the time she executed and delivered the conveyances; that the title being in the plaintiff, and her husband having abandoned her for one year next preceding the date of the execution and delivery of the instruments, the plaintiff was authorized in law to make a valid conveyance of the homestead without being joined by her husband.

(2) That the lands involved in this action had been abandoned as a homestead at the time of the execution and delivery of the several instruments.

The plaintiff, with her son, who was about three years of age, occupied the premises as a homestead, after her husband was inducted into the army service, until the spring of 1918. She then went to live with one of her relatives in the neighborhood, and left a portion of her household effects in her home on the premises. The household effects were in the old residence on the premises at the time the instruments involved in this action were executed and delivered. The plaintiff leased the premises for the year 1918, and testified that she did not intend to abandon the premises as a homestead at the time she went to live with her relatives, and has never abandoned the premises as a homestead. The plaintiff testified that it was not convenient and agreeable for her to live alone with her child on the premises after her husband was inducted into the army service, and that she went to live with her relatives on account of the absence of her husband. The acts of the plaintiff in leaving the premises, and in leasing the same for the year 1918, are not inconsistent with her expressed intention to continue the homestead status. The defendants did not effer any evidence to overcome the testimony of the plaintiff in this respect. Whether the premises have been abandoned as a homestead is a question of fact. The burden was upon the defendants to establish the intention of the plaintiff to abandon the premises as a homestead, by clear and convincing testimony. Elliott v. Bond, 72 Okla. 3, 176 Pac. 242.

The defendants mainly rely upon the proposition that the title to the land was in the wife, and that the husband had abandoned her and remained out of the state for a period of one year next preceeding the date of the execution and delivery of the instruments involved in this action. The establishment of this fact would have constituted a good defense to plaintiff's action, and

would have supported the instruments sought to be canceled herein. Armstrong v. Independent Oil & Gas Co., 95 Okla. 231, 219 Pac. 353. The burden was upon the defendants to support this issue by sufficient competent evidence. The defendants rely upon the following proof to support the latter contention:

(1) That the plaintiff filed her sworn petition for divorce in the district court of Seminole county on June 11, 1920, wherein it was alleged that the husband deserted from the army on January 13, 1918, and had abandoned her for more than one year prior to the commencement of the divorce action.

(2) That the district court of Seminole county on the 6th day of October, 1920, granted the plaintiff a decree of divorce from her husband upon the ground of abandonment for one year next before the commencemet of this action.

The decree granting the divorce on October 6, 1920, wherein the court found that the husband had abandoned the wife continuously for one year next before the commencement of the suit, went into the record without objection on the part of the plaintiff. The defendants offered the sworn petition filed in the divorce action by the plaintiff, which was objected to by the plaintiff and sustained by the court. The petition is made a part of the case-made on appeal. The judgment granting the decree of divorce recites that the husband abandoned the plaintiff for one year next preceding the date of the commencement of the action. The divorce action was commenced by the plaintiff on June 11, 1920. The statute provides that abandonment for one year constitutes a legal ground for divorce.

It was sufficient for the plaintiff to allege abandonment for one year next prior to June 11, 1920; it was sufficient for the plaintiff to prove an abandonment for one year next prior to June 11, 1920; the decree of the court in granting the divorce goes no further than to find that the abandonment had continued for the statutory period of time.

The petition alleges desertion from the army on January 13, 1918, and follows with the allegation that the husband has abandoned the plaintiff for more than one year next preceding the date of the commencement of the action. We might treat the petition as being competent evidence, but the allegation of abandonment for more than one year does not prove the defendants' contention that the husband had abandoned the plaintiff and remained out of the state for more than one

year prior to the dates the instruments were executed and delivered.

The recital contained in the divorce decree and the allegations embodied in the petition for divorce, when given full effect, do not prove the contention of the defendants, that the husband had abandoned the plaintiff and remained out of the state for more than one year next preceding the dates on which the instruments were executed. Since this is true, the court did not commit error in rejecting the introduction of the divorce petition as evidence, and for the same reason the introduction of the divorce decree should have been refused.

The defendants did not offer any evidence, further than the divorce decree and petition, to prove their contention that the husband had abandoned the plaintiff for more than one year preceding the dates upon which the instruments were executed. The trial of the issues involved in this cause was submitted to a jury and verdict was returned in favor of the defendants. The court approved the verdict and adopted the same as its finding of the issues in favor of the defendants, and entered its judgment thereon in favor of the defendants.

This court will examine the entire record, and weigh the evidence on appeal, in a case of purely equitable cognizance, but will not reverse the judgment, unless it be clearly against the weight of the evidence. Johnson v. Perry, 54 Okla. 23, 153 Pac. 289.

There is not any evidence in the record inconsistent with the expressed intention of the plaintiff to continue the homestead status, which had been impressed upon the premises involved in this action. The defendants did not offer in evidence any competent proof to support their contention that the husband had abandoned the plaintiff for one year next preceding the dates upon which the instruments were executed and delivered. The verdict of the jury, as approved by the court, upon which the judgment is rested in favor of the defendants in this action, is clearly against the weight of the evidence. It is recommended that the judgment be reversed and remanded for further proceedings, in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. pp. 897, 900. (2) 29 C. J. p. 927 (1926 Anno).